**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Robin Lee KNUTSON, Defendant–**
**Appellant.**

No. 00–30196.

D.C. No. CR–98–60019–1–HO.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 9, 2001.

Decided May 24, 2001.

Before GOODWIN, GREENBERG * and RAWLINSON, Circuit Judges.

MEMORANDUM **

Appellant, Robin Lee Knutson ("Knutson"), was found guilty by a jury, in a

---

\* The Honorable Morton I. Greenberg, Senior Judge of the United States Court of Appeals for the Third Circuit, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

joined trial, of committing armed bank robbery and of manufacturing, and possessing, with the intent to distribute methamphetamine, with use of a firearm.

■ Knutson alleges the district court improperly joined the charges relating to the armed bank robbery on December 16, 1997, with the gun and drug charges relating to Knutson's arrest on January 24, 1998. We find no error in the district court's decision to join the counts because Knutson's use of a gun was common to all counts. Even if this Court found that the district court improperly joined counts 1 and 2 with counts 3, 4 and 5, any alleged misjoinder was harmless error in light of the amount of evidence admitted against Knutson, including his own admissions.

■ Knutson alleges the Jencks Act entitles him to a mistrial on the charges of bank robbery, or, in the alternative, to strike the testimony of Carmen Bergby. The basis of Knutson's motions was that the Government failed to produce the notes of an alleged interview conducted of Ms. Bergby by the FBI. The Jencks Act's provisions are inapplicable to this case because the district court found the document did not exist. *See United States v. Riley,* 189 F.3d 802, 805 (9th Cir.1999). Knutson also alleges the Government committed *Brady* violations by failing to produce notes of the interview conducted of Ms. Bergby by the FBI; an internal police report suspending the investigation; and information that Ms. Bergby was interviewed by an FBI agent. Here, there was clearly no *Brady* violation because the alleged notes do not exist and the internal police report suspending the investigation did not contain any non-cumulative exculpatory evidence.

■ Knutson also alleges he is entitled to a new trial based on newly discovered evidence. As stated previously, the report suspending the investigation did not provide any information the defense did not

have. As for the digitally enhanced photos and the in house bank robbery report form, this evidence was not newly discovered. Enhancement of the photos could have been conducted at the time of trial, and the defense already knew that none of the witnesses provided a good description of the bank robber immediately following the robbery. In any event, none of this evidence is of such veracity that it would probably produce an acquittal. Thus, Knutson was not entitled to a new trial.

## CONCLUSION

For the preceding reasons, we find no error in the district court's ruling.

AFFIRMED.

